## *United States District Court*

| SOUTHERN | DISTRICT OF | FLORIDA |
|---|---|---|

UNITED STATES OF AMERICA

V.

CARLOS DIAZ, NIGEL GRAY, TEKO SMALL,
SANTINO WHYLLY, DAVERO ROLLE and NENO COOPER,

DEFENDANTS.

FILED by ___ D.C.
MAG. SEC.
MAY 2 7 2004
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

CRIMINAL COMPLAINT

CASE NUMBER: 04-4103 EGT

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about May 26, 2004, in Broward County, in the Southern District of Florida and elsewhere, the aforementioned defendants, did knowingly and intentionally combine, conspire, confederate and agree with each other and with persons unknown to import into the United States, from a place outside thereof, a Schedule II controlled substance, that is, five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 952(a); all in violation of Title 21, United States Code, Sections 963 and 960(b)(2); did knowingly and intentionally attempt to import into the United States, from a place outside thereof, a Schedule II controlled substance, that is, five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 952(a), all in violation of Title 21, United States Code, Sections 963 and 960(b)(2) and Title 18, United States Code, Section 2; did knowingly and intentionally combine, conspire, confederate and agree with each other and with persons unknown to possess with intent to distribute, a Schedule II controlled substance, that is, five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A); and did knowingly and intentionally possess with intent to distribute, a Schedule II controlled substance, that is, five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A), and Title 18, United States Code, Section 2.

I further state that I am a Special Agent and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Signature of Complainant
Christopher ~~Broadman~~ *BOARDMAN*
Drug Enforcement Administration

Sworn to before me, and subscribed in my presence,

May 27, 2004
Date

at   Fort Lauderdale, Florida
City and State

EDWIN G. TORRES
United States Magistrate Judge
Name and Title of Judicial Officer

Signature of Judicial Officer

<u>AFFIDAVIT</u>

I, Christopher Boardman (your "Affiant"), being duly sworn, depose and state as follows:

1.      I am a Special Agent with the Drug Enforcement Administration (DEA) and have been so employed since February of 1998.  I have been assigned to the DEA Miami Field Division since August of 1998.

2.      Prior to my employment with DEA, I was employed as a City of Albany, New York Police Officer and Sergeant for approximately six years.

3.      During my law enforcement career, I have participated in the execution of hundreds of narcotics arrests and search warrants in narcotics and/or money laundering cases.  I have received specialized training and experience in narcotics smuggling and distribution, including but not limited to the means and methods used by traffickers to import and distribute narcotics, interdiction, smuggling methods, and the concealment and laundering of proceeds from illicit drug trafficking activities.  I have participated in numerous narcotics investigations, debriefed or participated in debriefing of dozens of defendants, informants, and witnesses who had personal knowledge of major narcotics trafficking organizations, and I have participated in all aspects of drug investigations.

4.      This affidavit is submitted in support of a criminal complaint charging SAINTINO WHYLLY, NIGEL DELANO GRAY, TEKO MIRO SMALL, DAVERO DEMON ROLLE, NENO DAMARIS COOPER, CARLOS MANUAL DIAZ with conspiracy to possess with intent to distribute cocaine, conspiracy to import cocaine into

the United States from a place outside thereof, attempt to import cocaine into the United States from a place outside thereof, and possession with intent to distribute cocaine. Since this affidavit is being submitted for the limited purpose of a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have only set forth the facts I believe are necessary to establish the foundation for issuance of the criminal complaint.

5.      On May 25, 2004, pursuant to an ongoing criminal investigation, agents from DEA-Miami, working in conjunction with DEA-Freeport, Bahamas and the Royal Bahamas Police Force Drug Enforcement Unit, learned that a substantial amount of cocaine was being stored in Grand Bahama Island, Bahamas.  Further information was provided by a DEA-Miami confidential source (CS) regarding multi-hundred kilograms of cocaine being stored in Freeport, Bahamas intended to be smuggled into the South Florida area.  The CS advised that on the same date, Bahamian nationals traveled from Bimini, Bahamas to Freeport, Bahamas in furtherance of the smuggling operation.  The CS also advised that the cocaine was being stored in Freeport, Bahamas and the Bahamian nationals intended to utilized two (2) fishing vessels to transport the cocaine from Freeport, Bahamas to the United States on the following day.

6.      On May 26, 2004, further information was received by the CS and a DEA Source of Information (SOI) that the unknown Bahamian nationals were preparing to transport the cocaine utilizing two (2) fishing vessels described as follows:  a Dusky twin outboard engine, open center console fishing boat with a green colored T-roof with fishing rod holders and a Monza twin outboard engine, open center console fishing boat with a dark blue T-roof with gold-colored fishing rod holders.

7.     On this same date, at approximately 3:00 p.m., based on the description of boats, the Bahamian nationals were located and observed by agents departing from Bell Channel, Freeport, Bahamas, in the above described vessels, traveling east towards the Lucayan waterway.  Aerial surveillance was conducted by OPBAT and DEA Airwing of the vessels traveling from Freeport, Bahamas until being intercepted by the United States Coast Guard and U.S. Customs in United States waters approximately ten (10) miles off the coast of South Florida, which was initiated at about 7:45 p.m.

8.     At the time of the intercept, the Dusky vessel complied with orders of U.S. Customs and the occupants were secured.  At the same time, the Monza vessel captained by WHYLLY and occupied by SMALL and GRAY attempted to flee apprehension. Following a twenty-minute aggressive high-speed pursuit, the Monza vessel was disabled by U.S. Customs and the occupants were apprehended.

9.     A U.S. Customs search of both vessels resulted in the seizure of over two thousand (2,000) pounds of cocaine contained on both vessels.  Approximately eleven hundred and twenty (1120) pounds of cocaine was seized from the Monza vessel occupied by WHYLLY, SMALL and GRAY.  Approximately 1050 pounds of cocaine was seized from the Dusky vessel occupied by ROLLE, COOPER and DIAZ.  The cocaine was field tested (random selection) with positive results.

10.     Subsequent to the arrests, a Smith & Wesson .357 magnum revolver (serial number: CAU293960-9) containing approximately three (3) live rounds of ammunition was seized from the Monza vessel.  During a post-Miranda interview, GRAY admitted to ownership and possession of the weapon.  At the time of his arrest, WHYLLY did have in his possession and under his control a RF detector and several thousand dollars in U.S.

Currency.  During  a post <u>Miranda</u> interview of DIAZ, GRAY and WHYLLY, each
indicated that they had knowledge that cocaine was being transported on the vessels that
they occupied.

11.     Based upon the foregoing, there is probable cause to believe that the named
defendants did knowingly and intentionally combine, conspire, confederate and agree
with each other and with persons unknown to import into the United States, from a place
outside thereof, a Schedule II controlled substance, that is, five (5) kilograms or more of a
mixture and substance containing a detectable amount of cocaine, in violation of Title 21,
United States Code, Section 952(a); all in violation of Title 21, United States Code,
Sections 963 and 960(b)(2); did knowingly and intentionally attempt to import into the
United States, from a place outside thereof, a Schedule II controlled substance, that is,
five (5) kilograms or more of a mixture and substance containing a detectable amount of
cocaine, in violation of Title 21, United States Code, Section 952(a), all in violation of
Title 21, United States Code, Sections 963 and 960(b)(2) and Title 18, United States
Code, Section 2; did knowingly and intentionally combine, conspire, confederate and
agree with each other and with persons unknown to possess with intent to distribute, a
Schedule II controlled substance, that is, five (5) kilograms or more of a mixture and
substance containing a detectable amount of cocaine, in violation of Title 21, United
States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Sections
846 and 841(b)(1)(A); and did knowingly and intentionally possess with intent to
distribute, a Schedule II controlled substance, that is, five (5) kilograms or more of a
mixture and substance containing a detectable amount of cocaine, in violation of Title 21,

United States Code, Sections 841(a)(1), (b)(1)(A), and Title 18, United States Code,

Section 2.

FURTHER YOUR AFFIANT SAYETH NAUGHT

Christopher Boardman
Special Agent
Drug Enforcement Administration

SWORN TO AND SUBSCRIBED before me this 27 day of May, 2004.

EDWIN G. TORRES
UNITED STATES MAGISTRATE JUDGE